## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

**KENNYADA MITCHELL**                                                **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO.** 2017-0196

**LISA DAVIS AND JOHN**
**DOES 1 THROUGH 10**                                                   **DEFENDANTS**

### JURY TRIAL DEMANDED
### COMPLAINT

COMES NOW the plaintiff, Kennyada Mitchell, and makes and files this action for compensatory damages against the defendants, Lisa Davis and John Does 1 through 10, and for said cause would show unto the Court the following, to-wit:

### PARTIES

1. The plaintiff, Kennyada Mitchell, is an adult resident citizen of Hinds County, Mississippi whose address is in Byram, Mississippi 39272.

2. The defendant, Lisa Davis, is an adult resident citizen of Pike County, Mississippi who may be served with the process of this Court at her place of employment, the Hazlehurst City School District, 119 Robert McDaniel Drive, Hazlehurst, Mississippi 39083. This defendant is sued in her individual capacity only.

3. Defendants John Does 1-10 are individuals and/or legal entities whose identifies are unknown and unidentified to the Plaintiff, including, but not limited to individuals or entities whose actions and/or omissions caused or substantially contributed to injuries and damages sustained by the Plaintiff. Such defendants will be identified and specifically named when Plaintiff learns their identity.

4. At all times relevant herein, the defendants, Lisa Davis and John Does 1 through

1



EXHIBIT "A"

FILED
JUL 2 6 2017
EDNA S. STEVENS
CIRCUIT CLERK
BY_____ D.C.

10, were acting in their individual capacities.

## JURISDICTION AND VENUE

5.   The jurisdiction of this Court is invoked pursuant to MISS. CODE ANN. § 9-7-81.

6.   The venue of this action is proper in Copiah County, Mississippi, pursuant to the § 11-11-3, Miss. Code Ann. (1972), as amended, because the causes of action arose and accrued in Copiah County, Mississippi.

## FACTS

7.   At all times relevant herein, the plaintiff was employed by the Mississippi Department of Education ("MDE") as a state governmental employee performing duties as an Accountant Auditor III.

8.   At all times relevant herein, the plaintiff had a valid and enforceable employment contract with the MDE.

9.   At all times relevant herein, the plaintiff had an expectation of continued employment with the MDE.

10.   At all times relevant herein, the defendant, Lisa Davis, was an employee of the City of Hazlehurst School District ("HCSD") and was acting within and outside her scope of employment for the HCSD.

11.   At all times relevant herein, the plaintiff's minor stepdaughter, Vatora Mitchell, was a student attending the Hazlehurst High School ("HHS") located in Hazlehurst, Mississippi.

12.   At all times relevant herein, the Hazlehurst High School was a public high school in the City of Hazlehurst School District.

13.   The plaintiff began working for the MDE as an Accountant Auditor III on or about December 14, 2016.

14. On or about May 17, 2017, the plaintiff took personal leave from work to accompany Valerie Gustavis, the mother of Vatora Mitchell, to HHS to discuss the reason Vatora Mitchell was not graduating from HHS on May 26, 2017, the date of the high school graduation.

15. On or about May 17, 2017, the plaintiff spoke with HHS Counselor King and Assistant Principal Craft concerning the reasons Vatora Mitchell would not be graduating on May 26, 2017. The plaintiff's husband Kendrick Mitchell later joined the plaintiff and Ms Gustavis at this meeting.

16. HHS Counselor King informed the plaintiff that HHS failed to update Vatora Mitchell's and other students' transcript and scores since May 2016.

17. HHS Counselor King also informed the plaintiff that she had provided the plaintiff and her husband with incorrect information for Vatora Mitchell to retake her state history test in order to graduate on May 26, 2017.

18. HCSD officials admitted that the HCSD had failed to properly maintain and update student records and provide proper academic testing advice for students eligible for graduation on May 26, 2017.

19. The plaintiff thereafter inquired of an official at the MDE working in the Accreditation Department how Vatora Mitchell and other HHS students could graduate on May 26, 2017, with their present scores.

20. The MDE official working in the Accreditation Department informed the plaintiff how Vatora Mitchell and the other HHS students could graduate on May 26, 2017, with their present scores.

21. The plaintiff, thereafter, attempted to locate the defendant, Lisa Davis, during normal business hours, to discuss how Vatora Mitchell and other HHS students could graduate on

May 26, 2017 with their present scores.

22. The plaintiff did not locate the defendant, Lisa Davis, at the HCSD, during normal business hours, but the defendant's secretary instructed the plaintiff to meet the defendant, Lisa Davis at April Henley Mackey's Hair Salon, a private business located in Hazlehurst, Mississippi, to discuss how Vatora Mitchell and other HHS students could graduate on May 26, 2017 with their present scores.

23. At all times relevant herein, the defendant, Lisa Davis, was the Superintendent of the HCSD.

24. The plaintiff met the defendant, Lisa Davis, at April Henley Mackey's Hair Salon, in Hazlehurst, Mississippi instead of at the HCSD.

25. There were other patrons inside April Henley Mackey's Hair Salon when the plaintiff met with the defendant, Lisa Davis, to discuss Vatora Mitchell's academic matters and how Vatora and the other HHS students could graduate with their present scores.

26. The plaintiff informed the defendant, Lisa Davis, that a hair salon was not a proper place to discuss a student's sensitive, personal, and private academic matters, and the plaintiff felt uncomfortable discussing the students' academic matters in such a public setting.

27. The plaintiff also informed the defendant, Lisa Davis, that HCSD officials had failed to properly maintain and update student records and provide proper academic testing advice for students eligible for graduation on May 26, 2017.

28. The plaintiff speaking to the defendant, Lisa Davis, about HCSD officials' failure to properly maintain and update student records and provide proper academic testing advice for students eligible for graduation on May 26, 2017 was a matter of public concern.

29. The defendant, Lisa Davis, ignored the plaintiff's concerns and began discussing

4

Vatora Mitchell's academic matters in a loud voice such that other patrons in the hair salon could hear the conversation.

30. The defendant, Lisa Davis, admitted to the plaintiff that HHS's Counselor King made mistakes by not properly maintaining and updating students' academic records

31. The defendant, Lisa Davis, then assured the plaintiff that the defendant, Lisa Davis, would contact the plaintiff and her husband about the matter.

32. The defendant, Lisa Davis, subsequently contacted the plaintiff about meeting with HCSD employees to discuss the matter.

33. On or about May 24, 2017, the plaintiff took half of a personal day off from work and met with the defendant, Lisa Davis, Counselor King, and Test Coordinator Gray to discuss the graduation of Vatora Mitchell from HHS.

34. On or about May 24, 2017, the defendant, Lisa Davis, informed the plaintiff that Vatora Mitchell would not be graduating from HHS because Vatora needed to retake the U. S. History state test.

35. The defendant, Lisa Davis, then falsely accused the plaintiff of being hostile at their meeting at the hair salon on or about May 17, 2017

36. The defendant, Lisa Davis, then told the plaintiff that the defendant was going to call her sorority sister and friend, Dr. Felicia Gavin, an employee at the MDE, and complain about plaintiff being hostile at their meeting at the hair salon on or about May 17, 2017.

37. The plaintiff was not hostile at their meeting at the hair salon on or about May 17, 2017 or at any other meeting with the defendant or any other employee or official of the HCSD.

38. Dr. Felicia Gavin was, at all times relevant herein, plaintiff's supervisor.

39. The defendant, Lisa Davis, deliberately, intentionally, maliciously, and with

reckless disregard for the rights of the plaintiff slandered plaintiff's reputation and character at the MDE by calling Dr. Felicia Gavin and other unknown officials at the MDE and deliberately, intentionally, maliciously, and falsely telling Dr. Gavin and those unknown MDE officials that plaintiff had been hostile at a meeting with the defendant, Lisa Davis, on May 17, 2017.

40. The defendant, Lisa Davis, deliberately, intentionally, maliciously, and with reckless disregard for the rights of the plaintiff interfered with plaintiff's employment contract with the MDE by calling Dr. Felicia Gavin and other unknown officials at the MDE and deliberately, intentionally, maliciously, and falsely telling Dr. Gavin and those unknown MDE officials that plaintiff had been hostile at a meeting with the defendant, Lisa Davis, on May 17, 2017.

41. The defendant, Lisa Davis, deliberately, intentionally, maliciously, and with reckless disregard for the rights of the plaintiff slandered plaintiff's reputation and character and interfered with her contract at the MDE because the plaintiff had complained to the defendant, Lisa Davis, that HCSD officials had failed to properly maintain and update student records and provide proper academic testing advice for students eligible for graduation on May 26, 2017, a matter of public concern.

42. The defendant, Lisa Davis, conspired with unknown officials at the MDE to disparage plaintiff's reputation and character and interfere with plaintiff's employment contract with the MDE because the plaintiff had complained to the defendant, Lisa Davis, that HCSD officials had failed to properly maintain and update student records and provide proper academic testing advice for students eligible for graduation on May 26, 2017, a matter of public concern.

43. Following the second meeting with the defendant, Lisa Davis, the plaintiff returned to work at the MDE and Cassandra Moore, the Human Resource Manager for the MDE,

immediately terminated plaintiff's employment with the MDE at about 1:45 p.m.

44. The defendants, Lisa Davis and John Does 1 through 10, individually, and in active concert with each other, retaliated against the plaintiff by disparaging her reputation and character and terminating her employment with the MDE for her speaking out that HCSD officials had failed to properly maintain and update student records and provide proper academic testing advice for students eligible for graduation on May 26, 2017, a matter of public concern.

45. All of the actions and inactions of the defendants, jointly and severally, as set out herein, have been deliberate, intentional, fraudulent, negligent, grossly negligent, and in reckless disregard for the rights of the plaintiff.

46. All of the actions and inactions of the defendants, jointly and severally, as set out herein, were taken pursuant to a policy of the HCSD, which allowed and condoned the Superintendent of the HCSD in retaliating against individuals for speaking out on matters of public concern.

47. As a proximate result of the actions and inactions of the defendants, as mentioned above, jointly and severally, the plaintiff sustained and suffered physical injury and emotional distress.

48. As a proximate result of the actions and inactions of the defendants, as mentioned above, jointly and severally, the plaintiff suffered loss wages and a loss of wage earning capacity, and the plaintiff has incurred medical and pharmacy bills.

## CAUSES OF ACTION

### COUNT I - RETALIATION FOR EXERCISING FREEDOM OF SPEECH

49. The actions and inactions of the defendants, as mentioned above, jointly and severally, in retaliating against the plaintiff by causing her termination as an Accountant Auditor II

for MDE because she spoke to HCSD officials, personnel of the Accreditation Department of the MDE, and defendant Lisa Davis, about a matter of public concern constituted a unlawful retaliation and unlawful abridgment of plaintiff's right to freedom of speech as secured to the by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## COUNT II - INTENTIONAL AND FRAUDULENT MISREPRESENTATION THAT INTERFERED WITH EMPLOYMENT

50. The actions and inactions of the defendants, as mentioned above, jointly and severally, in intentionally, falsely, and fraudulently misrepresenting plaintiff's conduct to her employer that resulted in plaintiff's employment termination as an Accountant Auditor III for MDE, and the defendants failure to exercise reasonable care before intentionally, falsely, and fraudulently misrepresenting plaintiff's conduct to her employer in an attempt to get her employment contract terminated constitutes an unlawful intentional and fraudulent misrepresentation that interfered with plaintiff's employment contract.

## COUNT III - TORTUOUS INTERFERENCE WITH PLAINTIFF'S CONTRACT OF EMPLOYMENT

51. The actions and inactions of the defendants, as mentioned above, jointly and severally, tortuously interfering with the employment contract between MDE and the plaintiff by willfully, falsely, fraudulently, and tortuously submitting a false statement against the plaintiff to MDE which was calculated to cause damage to plaintiff's employment in her lawful position as Accountant Auditor III for MDE caused actual loss to the plaintiff in the form of loss of job as Accountant Auditor III for MDE, physical pain, emotional distress, loss of wages, and a loss of wage earning capacity and constitutes an unlawful tortuous interference with plaintiff's employment contract.

## COUNT IV -INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.     The actions, inactions, and omissions of the defendants, as mentioned above, jointly and severally, in intentionally inflicting emotional distress on the plaintiff's constitutes actionable intentional infliction of emotional distress.

## CAUSATION, INJURY, AND DAMAGES

53.     As a proximate result of the actions and inactions of the defendants, as mentioned above, jointly and severally, the plaintiff has suffered lost wages and benefits, a loss of wage earning capacity, physical pain, emotional distress, embarrassment and humiliation, and loss of enjoyment of life, and the plaintiff has incurred attorney's fees and court costs.

54.     As a proximate result of the actions and inactions of the defendants, as mentioned above, jointly and severally, the plaintiff has suffered compensatory damages and punitive damages in the amount to be determined by a jury at trial.

## DECLARATORY AND INJUNCTIVE RELIEF

55.     Plaintiff seeks reinstatement with full back pay and benefits and an award for reasonable court costs, including attorney's fees and litigation costs.

56.     The Plaintiff, pursuant to MRCP 57, requests the Court to grant her a declaratory judgment declaring that the actions and inactions of the defendants, jointly and severally, violated rights secured to plaintiff by the First Amendment to the United States Constitution and 42 U. S. C. § 1983.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands judgment of and from the defendants, jointly and severally, in the amount to be determined by a jury at trial together with court costs and litigation expenses and pre-judgment and post-judgment interest, and declaratory

and injunctive relief as set out above.

This the 26th day of July, 2017.

Respectfully submitted,

**KENNYADA MITCHELL, PLAINTIFF**

*/s/ Kathryn L. White*

JAMES D. SHANNON, ESQ., MSB # 6731
KATHRYN L. WHITE, ESQ., MSB# 103250
SHANNON LAW FIRM, PLLC
100 WEST GALLATIN STREET
HAZLEHURST, MS 39083
TELEPHONE: (601) 894-2202
FACSIMILE: (601) 894-5033
E-MAIL: jshannon@shannonlawfirm.com
kwhite@shannonlawfirm.com

CARROLL RHODES, ESQ., MSB # 5314
LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MS 39083
TELEPHONE: (601) 894-4323
FACSIMILE: (601) 894-1464
E-MAIL: crhodes@bellsouth.net