UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNYADA MITCHELL                                                                                    PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:18-CV-159-DPJ-FKB

LISA DAVIS, IN HER INDIVIDUAL                                                                       DEFENDANTS
AND OFFICIAL CAPACITIES, AND
HAZLEHURST CITY SCHOOL DISTRICT

ORDER

Defendants Lisa Davis and the Hazlehurst City School District seek summary judgment on Plaintiff Kennyada Mitchell's claims against them on the basis of judicial estoppel. Mot. Summ. J. [31]. For the reasons that follow, Defendants' motion is granted, but the Trustee will be given an opportunity to pursue Mitchell's claims on behalf of the bankruptcy estate.

I.      Facts and Procedural History

Mitchell filed this lawsuit in July 2017, alleging that Defendants caused her to lose her job with the Mississippi Department of Education in May 2017. *See* Am. Compl. [12]. On August 1, 2018, Mitchell filed a Voluntary Petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi. Yet when she completed her bankruptcy schedules, Mitchell failed to disclose this still-pending lawsuit. Instead, she checked the "no" box in response to questions whether she "own[s] or ha[]s any legal or equitable interest in": any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment" or any "[o]ther contingent and unliquidated claims of every nature." Bankruptcy Schedules [31-3] at 5, 7; *see also id.* at 37 (responding "no" to the question, "[w]ithin 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?").

An even more troubling deception occurred on September 4, 2018, when Mitchell attended a creditors' meeting and was examined under oath. *See* 11 U.S.C. § 343. At that meeting, Mitchell testified that she believed the information in her schedules was accurate, that she had identified all her assets in her schedules, and that she had no "pending litigation or lawsuits or claims against anyone." Tr. [31-7] at 3. On October 16, 2018, the bankruptcy court confirmed Mitchell's chapter 13 plan. Under the confirmed plan, which calls for 60 monthly payments of $371.00, "[a]ll property shall remain property of the estate and shall vest in the debtor only upon entry of discharge." Chapter 13 Plan [31-8] at 1.

Defendants filed their motion for summary judgment on November 7, 2018, asserting that Mitchell is judicially estopped from pursuing her claims given her failure to disclose them as an asset in her bankruptcy schedules. In response, Mitchell filed amended schedules in her bankruptcy case on November 20, 2018. Defendants' motion has been fully briefed, and the Court has personal and subject-matter jurisdiction.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The

nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III. Analysis

"Judicial estoppel 'is an equitable doctrine invoked by a court at its discretion' for the purpose of 'protect[ing] the integrity of the judicial process.'" *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)). In assessing whether to apply judicial estoppel, the Court "look[s] to whether: '(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.'" *Id.* at 271–72 (quoting *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc)). In the context of a legal position taken in a bankruptcy case, "judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system." *Reed*, 650 F.3d at 574.

In response to Defendants' motion, Mitchell concedes the first two elements of the judicial-estoppel test, arguing only that her failure to disclose this lawsuit in her bankruptcy schedules was inadvertent. In this context, "inadvertence exists 'only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment.'" *Long*, 798 F.3d at 272 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)).

Mitchell was obviously aware of this civil action during her bankruptcy proceedings. And as to the second available argument, the Fifth Circuit has "held that a motive to conceal is 'self-evident' when a debtor fails to disclose an asset to the bankruptcy court due to the 'potential financial benefit resulting from nondisclosure.'" *Fornesa v. Fifth Third Mortg. Co.*, 897 F.3d 624, 628 (5th Cir. 2018) (quoting *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 574 (5th Cir. 2015)).

Mitchell never directly addresses these points, arguing instead that she relied on the advice of counsel and remedied the defect through an amended schedule disclosing this lawsuit. Starting with the advice-of-counsel argument, her attorney in this case offered the following:

> Plaintiff failed to disclose the bankruptcy court and to the bankruptcy trustee that this lawsuit was pending, but Plaintiff states that she did so in reliance [on] the advice of her separate and independent bankruptcy attorney. Plaintiff[] informed her bankruptcy attorney that she had a lawsuit pending, at which time Plaintiff was not aware of any scheduled court dates or any actions other than the filing of the complaint had occurred int his lawsuit. Plaintiff asserts that she did not have any independent knowledge requiring her to notify the bankruptcy trustee of her current lawsuit and at the advice of separate bankruptcy counsel, the lawsuit was not claimed

Pl.'s Mem. [38] at 3–4. The Court cannot credit this argument because Rule 56(c) requires record evidence. Argument of counsel does not count. *See TIG Ins. Co.*, 276 F.3d at 759.[1]

---

[1] Mitchell's current attorney was careful to say that time did not permit him to verify the veracity of Mitchell's claim. But counsel never attempted to supplement and did not invoke Rule 56(d).

4

And even if Mitchell had record evidence to support her argument, the fact that her bankruptcy attorney advised her not to disclose the claims establishes neither that she lacked knowledge of the claims nor that she had no motive to conceal them. Indeed Mitchell lied under oath when asked if she had any such claims. Mitchell did not act inadvertently.

Mitchell alternatively says "this issue has been resolved as Plaintiff has filed an Amended Bankruptcy Asset Summary." Pl.'s Mem. [38] at 4. Contrary to Mitchell's argument, the Fifth Circuit has found similar tactics unavailing. "Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them." *Long*, 798 F.3d 273 n.6 (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004)). The elements for judicial estoppel are met, and Defendants are entitled to summary judgment on Mitchell's claims against them.

That said, "[t]he Fifth Circuit has found that even though a debtor-plaintiff may be individually estopped from pursuing an undisclosed claim, 'absent unusual circumstances, an innocent trustee can pursue [the claim] for the benefit of creditors.'" *United States v. GSD&M Idea City LLC*, No. 3:11-CV-1154, 2014 WL 11320447, at *7 (N.D. Tex. June 10, 2014) (quoting *Reed*, 650 F.3d at 573). Here, the Court would like to hear from the Trustee. Mitchell's counsel is therefore directed to immediately provide a copy of this Order to the Trustee, who shall have until January 18, 2019, to file a notice of intent to pursue Mitchell's claims. If the Trustee fails to do so, the case will be dismissed with prejudice with no further notice. Defendants will be given seven days to respond, if necessary.

---

Accordingly, the Court must ignore Mitchell's unsupported statement that her bankruptcy attorney told her to blatantly disregard the law and the plain text of the schedules.

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion for Summary Judgment [31] is granted, and Mitchell's claims are dismissed.  The Trustee shall have until January 18, 2019, to file a notice of intent to pursue the claims, failing which the case will be dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 2nd day of January, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE